OPINION
The defendant-appellant, Bennie Jackson ("the appellant"), appeals the decision of the Allen County Court of Common Pleas adjudicating him to be a sexual predator, pursuant to the provisions of R.C. 2950. For the following reasons, we affirm the judgment of the trial court.
On November 20, 1984, the apellant was indicted on six counts of forcible rape of a child under the age of thirteen, in violation of R.C.2907.02, and one count of felonious assault, in violation of R.C.2903.11(A)(1). The felonious assault charge was severed from the six counts of rape, and the appellant pled guilty to the charge of felonious assault on January 8, 1985.
On February 26, 1985, a jury trial was held on the rape charges. The jury found the appellant guilty on all six counts of rape, finding that the appellant compelled the victim to submit by force or threat of force on all six counts. The trial court, on February 28, 1985, sentenced the appellant to life in prison on each count of rape, with three of the life sentences running concurrently to one another, but consecutively to the other three concurrent life sentences. The appellant was also sentenced to a prison term of seven to fifteen years, consecutive to his life sentences, on the felonious assault conviction.
The appellant appealed the trial court's decision, and this court affirmed the judgment of conviction and sentence on August 15, 1985.
A sexual predator classification hearing was held on On September 28, 2001, in the Allen County Court of Common Pleas. At the conclusion of the hearing, the trial court found the appellant to be a sexual predator pursuant to the criteria set forth in R.C. Chapter 2950.
The appellant now asserts the following assignment of error.
 The Common Pleas Court of Allen County, Ohio, Committed Reversible Error by determining that Bennie Jackson was a sexual predator when such finding was not proven by clear and convincing evidence.
R.C. 2950.01(E) defines the term "sexual predator" as follows:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09.(B)(2) sets forth the following factors that a trial court should consider when determining whether an offender should be classified as a "sexual predator":
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2905.09(B)(3) states that upon reviewing all of the testimony, evidence, and the factors listed in R.C. 2905.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.[1]
In the present case, the jury convicted the appellant on six counts of rape. The offense of rape qualifies as a "sexually oriented offense" under R.C. 2907.02(D)(1). Therefore, the critical issue in the appellant's sexual predator hearing was whether he was "likely to engage in the future in one or more sexually oriented offenses." A review of the record reveals that the trial court considered all of the evidence and all of the relevant factors specified in R.C. 2950.09(B)(2) when it determined that the appellant is a sexual predator.
The appellant asserts that the trial court failed to apply the proper weight to the evidence. He maintains that he has been an ideal inmate. He has undergone counseling in a "Cage Your Rage" program, he has obtained his GED, and he has received training in small engine repair and carpentry.
The trial court had additional factors to consider, besides whether the appellant has been a model inmate. These factors, though not all of them, include the age of the victim, who was ages 10-13 when the rapes occurred; the defendant's prior criminal record which includes convictions of assault, disorderly conduct, resisting arrest, menacing, and felonious assault; and, the sexual and violent nature of the crimes.
Based upon our review of the record and the relevant factors contained in R.C. 2950.09(B)(2), we find that the trial court had adequate evidence before it from which to determine by clear and convincing evidence that the appellant is a sexual predator. For all of the foregoing reasons, we find no merit to the appellant's assignments of error.
Accordingly, the appellant's assignment of error is overruled.
Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] State v. Schiebel (1990), 55 Ohio St.3d 71, citing Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.